IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

S. ADELE SHANK, ATTORNEY
As next friend for KEVIN P. SCUDDER,

    Petitioner,

    v.                                    Case No. 2:00-CV-17
                                          JUDGE MARBLEY
BETTY MITCHELL, Warden,              Magistrate Judge Kemp

    Respondent.

**OPINION AND ORDER**

    Petitioner, a state prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon Respondent's motion for discovery regarding trial counsel's files, (Doc. # 195), Petitioner's memorandum in opposition, (Doc. # 201), Respondent's reply, (Doc. # 202), Petitioner's motion to strike Respondent's reply, (Doc. # 203), and Respondent's response in opposition to Petitioner's motion to strike. (Doc. # 205.)

I.  Procedural Background

    On October 21, 2008, this Court issued a Scheduling Order directing Petitioner to file any motion for discovery on or before January 30, 2009. (Doc. # 182.) That deadline was extended until February 6, 2009. (Doc. # 184.) The Court's Scheduling Order did not address the filing of any motion for discovery by Respondent.

    On February 6, 2009, Petitioner filed a motion requesting discovery on several claims, including the claims of ineffective assistance of trial counsel set forth in his fifth, sixth, seventh and eighth grounds for relief. (Doc. # 185.) Respondent opposed

Petitioner's discovery requests, arguing that discovery was unnecessary, and that Petitioner failed to meet the good cause standard for granting habeas corpus discovery. (Doc. # 187, at 2-7.)  The Court granted Petitioner's motion in part, and authorized Petitioner to depose trial counsel, Karl Schneider and Thomas Erlenbach, in connection with his fifth ground for relief (failure to adequately challenge DNA evidence), his seventh ground for relief (failure to call David Bonner as a potential alibi witness), and his eighth ground for relief (failure to investigate and prepare for the mitigation phase of trial).  The Court denied Petitioner's request to depose trial counsel in regard to his sixth ground for relief, which alleged the ineffective assistance of counsel for failure to object to various evidentiary instructions and procedures.

At the time of the depositions authorized by this Court, Attorney Erlenbach informed the parties that his trial file had been destroyed six months earlier. (Doc. # 195, at 1.)  Attorney Schneider informed the parties that it was possible that his trial file was still in storage.  According to Respondent, the parties agreed to end the deposition in order for Attorney Schneider to obtain and review his file.  Respondent alleges that the parties further agreed that Attorney Schneider would turn over any documents relating to the ineffective assistance of counsel claims involving the DNA evidence and potential witness David Bonner (fifth and seventh grounds for relief).  According to Respondent, the parties agreed that any trial counsel documents relating to the claim of ineffective assistance of counsel at mitigation would also be turned over, in the event that Petitioner decided to continue to pursue that claim (eighth ground for relief).

2

Respondent notes that during the depositions, Petitioner's habeas counsel had in their possession, and used as exhibits, certain documents that appeared to be from trial counsel's file. (Doc. # 195, at 1.) Specifically, habeas counsel had copies of interview summaries prepared by a defense investigator concerning potential witness David Bonner (fifth ground for relief). Respondent asserts that she was not aware until the depositions that this information existed. (Doc. # 195, at 2.)

On February 22, 2010, Respondent filed the instant motion for discovery regarding trial counsel's files in possession of either trial counsel or current habeas counsel. According to Respondent, "[t]he Warden appreciates trial counsel and habeas counsel's agreement to share certain documents. However after further consideration, the Warden believes it is appropriate to have discovery of all documents relating to all parts of Scudder's ineffective assistance of counsel claims (Third Claim for Relief, Fifth Claim for Relief, Sixth Claim for Relief, Seventh Claim for Relief, and Eighth Claim for Relief) found in the trial counsel files in possession of both counsel for Scudder and trial counsel Karl Schneider." (Doc. # 195, at 2.) Respondent contends that the "attorney-client privilege is waived as to all remaining ineffective assistance of counsel claims, and such discovery will help this Court to have a meaningful analysis of the claims." (Doc. # 195, at 2.) Respondent requests that trial counsel and habeas counsel make copies of the trial counsel files in their possession, and turn the entire files over to the Court for an in camera inspection and determination of which documents are relevant to Petitioner's ineffective assistance of trial counsel claims. (*Id*.) Respondent asserts

3

that her belated request for discovery "arises from new information the Warden became aware of at the deposition of Scudder's trial counsel Karl Schneider." (Doc. # 195, at 1.)

On March 18, 2010, the Court held a status conference regarding Respondent's motion for discovery of trial counsel's files. At that time, Petitioner informed the Warden and the Court that Attorney Schneider no longer has his trial file. Thus, Respondent states in her reply that "[s]ince trial counsel Schneider is representing he no longer has his file in storage, the Warden is no longer requesting any documents from him." (Doc. # 202, at 3.) Respondent notes, however, that the issue of whether Scudder's habeas counsel have copies of documents from trial counsel's file is still unresolved. (*Id*.) According to Respondent:

> Scudder made some representations at the deposition that he has produced all documents relating to the David Bonner claim. However, the Warden requested trial counsel documents relating to all ineffective assistance of trial counsel claims. This Court also asked Scudder at the status conference to clarify whether or not he had documents relating to the other claims. Since Scudder has not stated that he physically does not have the documents, the Warden must assume he possesses pertinent documents.

(Doc. # 202, at 3.) Respondent claims that Petitioner should not be permitted to use selected items from trial counsel's files without providing the Warden and the Court will all documents from said files that are relevant to Scudder's ineffective assistance of trial counsel claims.

On March 22, 2010, Petitioner filed a memorandum in opposition to Respondent's motion for discovery of trial counsel's files. (Doc. # 201.) In his

4

memorandum in opposition. Petitioner sets forth several arguments why this Court should not grant discovery of trial counsel's files. Petitioner argues that the Warden's motion is untimely, that the Warden has waived any claim to discovery, that the Warden has not satisfied the good cause standard for granting habeas discovery, that the Warden should be estopped from seeking discovery because she previously argued that discovery is unnecessary in this case, and that the law of the case doctrine prohibits discovery because the Court has already ruled on the issues. What Petitioner does not address is whether he has any additional documents from trial counsel's files, and whether those documents, if any, relate to any of his ineffective assistance of trial counsel claims.

On March 29, 2010, Respondent filed a reply in support of her motion for discovery. (Doc. # 202.) Respondent notes that Petitioner "never stated [in his memorandum in opposition] that he lacks documents from trial counsel's file that are pertinent to the Warden's request." (Doc. # 202, at 1.) With respect to the good cause standard, Respondent argues that the standard has been met "because trial counsel's file has already been shown to contain evidence relevant to at least one of the ineffective assistance of counsel claims." (Doc. # 202, at 4.) According to Respondent, "[i]t has already been established, through Scudder's own use of investigator reports, Scudder possesses evidence that relates to the Seventh Ground for Relief – David Bonner. Therefore, it is logical to conclude that other trial counsel documents will relate to the other Grounds for Relief." (*Id.*) By way of example, Respondent cites Petitioner's third

5

and eighth grounds for relief, wherein Petitioner argues that his counsel were ineffective for failing to investigate mitigation and Petitioner's mental issues.[1] Respondent argues that "[d]ocuments from trial counsel's file could show communications with Scudder, investigation into mitigation, and knowledge about Scudder's mental issues." (*Id.*)  Likewise, Respondent argues that trial counsel's files likely contain information about their research and investigation into the DNA evidence, which forms the basis for the ineffective assistance of counsel claim contained in the fifth ground for relief.  As to counsel's failure to challenge certain evidence and their failure to object to certain instructions and court procedures, Respondent argues that counsel's file could contain information regarding any strategy behind those decisions (sixth ground for relief). (*Id.*)

With respect to Petitioner's arguments that Respondent is "too late" in requesting discovery, Respondent notes that the discovery previously requested by Petitioner was of a different nature than Respondent's request for trial counsel's files, and that at the time of Respondent's opposition to discovery, Respondent did not know that trial counsel files, or copies of parts of those files, existed.  Furthermore, Respondent argues that Petitioner cannot be permitted to use selective items from trial counsel's files to support his claims of ineffective assistance of counsel without

---

[1] In the Court's September 30, 2008 Opinion and Order addressing procedural default, the Court determined that all allegations contained in the third ground for relief were defaulted, except for Petitioner's argument that counsel were ineffective for waiving his speedy trial rights. (Doc. # 179, at 47.)

6

providing Respondent with other information that may be relevant to defeat such claims. Respondent contends that "[a]ll trial counsel documents that are pertinent to the ineffective assistance of trial counsel claims should be made part of the record so it can be determined which documents relate, and which are exhausted so this Court remains fully informed." (Doc. # 202, at 5.)

On March 31, 2010, Petitioner filed a motion to strike the Warden's Reply. (Doc. # 203.) Petitioner claims that "[t]he arguments and allegations made in the aforementioned Reply were not a part of the Warden's initial motion and cannot be considered now." (*Id*. at 1.) Petitioner goes on to respond to each of the arguments the Warden made in her Reply. On April 1, 2010, Respondent filed a response in opposition to Scudder's motion to strike the reply. (Doc. # 205.) Respondent argues that the motion to strike is improper, and that it amounts to an attempt by Petitioner to "convert a Motion to Strike into a further reply." (*Id*. at 1-2.) Respondent claims that she "raised no new issues [in the Reply], but addressed the arguments raised by Scudder such as whether the good cause standard is met and whether discovery will lead to relevant evidence." (*Id*. at 1.)

As an initial matter, the Court **DENIES** Petitioner's motion to strike the reply, (Doc. # 203), and rejects Petitioner's assertion that the Warden raised new issues or arguments in her reply. Any arguments set forth in the reply were invited by Petitioner, and such arguments constitute a fair response to Scudder's memorandum in opposition. Therefore, the Court finds Respondent's reply to be properly before the

7

Court for consideration.

## II.  Motion for Discovery

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply in habeas corpus actions.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings.  As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases In United States District Courts were promulgated in 1976.  Specifically, Rule 6(a) provides--

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

A respondent seeking discovery is subject to the same limitations as a petitioner, because "Rule 6 applies to both sides in a habeas case." *Hughbanks v. Hudson*, No. 1:07-cv-11, Decision and Order Granting Respondent's Motion for Discovery, doc. # 195, (S.D. Oh. Apr. 23, 2008).  Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy,* citing *United States v. Armstrong*, 517 U.S. 456 (1996).  The burden of demonstrating the materiality of the information requested in on the moving party. *Standford v. Parker*, 266 F.3d 442 (6th Cir. 2001).

8

As Respondent notes, Petitioner raises several claims of ineffective assistance of trial counsel. The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong of the *Strickland* test, the Court notes that, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To establish the second prong of the *Strickland* test, *i.e.*, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because Petitioner must satisfy both prongs of the *Strickland* test, should the Court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Inherent in counsel's responsibilities is the duty to investigate, and the Supreme Court, in *Rompilla v. Beard*, 545 U.S. 374 n.7 (2005) and *Wiggins v. Smith*, 539 U.S. 510, 533 (2003), has unequivocally held that a thorough and complete mitigation investigation is

necessary in all capital cases. In determining whether a particular act or omission on the part of counsel was outside the wide range of professional norms, this Court must accord a high measure of deference to counsel's decisions. *Strickland*, 466 U.S. at 681; *see also White v. McAninch*, 235 F.3d 988, 994-95 (6th Cir. 2000). A "strategic" or "tactical" decision is not automatically insulated from review, if it does not appear that the decision was supported by sufficient investigation. *White v. McAninch*, 235 F.3d at 995-96 (citing *Strickland*, 466 U.S. at 690-91).

Respondent seeks discovery of any documents from trial counsel's files, or any copies of documents that appear to be from trial counsel's files, in order to defend against the claims of ineffective assistance of counsel set forth in the amended petition. Specifically, Respondent seeks any documents relating to Petitioner's third ground for relief (ineffective assistance for failing to assert speedy trial rights), fifth claim for relief (failing to challenge DNA evidence), sixth claim for relief (failing to object to certain evidence and procedures), seventh claim for relief (failing to call David Bonner as an alibi witness), and eighth claim for relief (failing to investigate and prepare for mitigation). Respondent argues the good cause standard for granting discovery is satisfied, because trial counsel's file has already been shown to contain evidence relevant to at least one of Petitioner's ineffective assistance of counsel claims. (Doc. # 202, at 4.) Although Petitioner does not raise the attorney-client privilege as a defense, it is important to note that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives

the attorney-client privilege as to all communications with his allegedly ineffective lawyer."*Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991)(attorney-client "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1975)("Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.")  Accordingly, the habeas court will impose an implied waiver of the privilege to the extent necessary to properly litigate and defend the ineffective assistance of counsel claims. *See Fears v. Bagley*, No. C-1-01-183, 2003 WL 23770605, at * 1(S.D. Oh. Aug. 9, 2003) (citing *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir.2003)). The implied waiver must be narrowly construed. *Id*.

In this case, it is unclear whether or to what extent copies of trial counsel's files exist.  However, the Court agrees with Respondent and finds that good cause exists to grant discovery of trial counsel files, to the extent that Petitioner has any documents that appear to be from those files (something that Petitioner has not yet acknowledged). Petitioner has asserted several claims of ineffective assistance of counsel alleging the failure of counsel to conduct a thorough investigation, to properly challenge evidence, to wage certain objections, to call potential witnesses, and to present an effective mitigation case.  Whether counsel's performance was deficient, or resulted in prejudice to Petitioner, will likely depend on the alternatives available to counsel and the

investigation underlying counsel's decisions, questions on which the content of counsel's trial file is likely to be quite relevant. Documents from counsel's file are likely to be helpful in providing a complete picture of the strategy and options available to counsel at the time of trial. By way of example, one of the issues in this habeas action is whether trial counsel adequately investigated and presented mitigating evidence during the penalty phase. Documents from trial counsel's file undoubtedly could provide a wealth of valuable information regarding counsel's preparation and thought processes, including correspondence with case investigators, and interviews of family members and potential witnesses in search of mitigating evidence. This information may be responsive to Petitioner's claims that counsel were ineffective for doing and/or failing to do certain acts. Additionally, in his fifth ground for relief, Petitioner argues that his attorneys performed unreasonably and to his prejudice by failing to adequately challenge the DNA evidence used by the State. The record reflects that Petitioner received funds to conduct an independent analysis of the DNA evidence. Documents from trial counsel's file may well shed light on why counsel did not call a defense expert to challenge the DNA evidence. If such information exists, Respondent is entitled to it in order to fully and fairly litigate the particulars of Petitioner's ineffective assistance of counsel claims.

  For these reasons, the Court finds that Respondent has shown good cause to examine the relevant portions of those files. Accordingly, if Petitioner possesses documents regarding trial counsel's investigation and/or decision making process that

relate to any of his ineffective assistance of counsel claims, that information, in fairness, must be disclosed so that Respondent can defend against and litigate such claims.  More specifically, habeas counsel must disclose any documents in their possession that relate to Petitioner's claim that counsel were ineffective for waiving his speedy trial rights without his knowledge or consent (the only remaining allegation in his third ground for relief), failing to investigate and adequately challenge DNA evidence presented by the state (fifth ground for relief), failing to object to improper evidence, jury instructions and court procedures (sixth ground for relief), failing to act as advocates throughout the trial and failing to call David Bonner as an alibi witness (seventh ground for relief), and failing to investigate and prepare for the mitigation/sentencing phase of trial (eighth ground for relief).  At this time, the Court denies Respondent's request to have Petitioner submit all documents from trial counsel's file to the Court for an in camera review.  Rather, the Court directs Petitioner to provide to Respondent all documents that may be responsive to any particular claims of ineffective assistance of counsel pending before the Court.

In finding that Respondent has shown good cause and is entitled to copies of any pertinent documents from trial counsel's files, the Court rejects Petitioner's argument that Respondent has waived any claim to discovery.  Petitioner asserts that "[t]he time to have sought discovery was much earlier in these proceedings, at least by the time of the status conference held in this matter on October 20, 2008."  (Doc. # 201, at 2.)  According to Petitioner, "[f]rom the time of that conference until very recently, the

13

Warden has taken the position that discovery is unnecessary." (*Id*.)  Petitioner disputes the Warden's contention that her belated request for discovery is based on "new information" obtained at the deposition of trial counsel.  Petitioner argues that the "new information" is "apparently the possibility that trial counsel made and kept files," and it "stretches credulity to believe for a moment that the Warden's counsel do and did not know that trial lawyers keep files." (*Id*.)  Petitioner goes as far as to contend that the Warden's allegation that she had no knowledge that the files might exist is "false." (*Id*.)

The Court accepts Respondent's representation that she was unaware that copies of trial counsel's files existed until the time of the depositions.  Even counsel for Petitioner state that on the "day of the deposition," they explained to Respondent that they had "documents in their files that, by reason of dates or names, appear to be from trial counsels' files or at least copies of items that were once in trial counsel's files." (Doc. # 201, at 2.)  Furthermore, the Court finds that Respondent is not precluded from changing her position regarding the necessity of discovery.  Respondent's request is based on new information not previously presented to or considered by this Court in any prior Order addressing discovery.  Certainly, the Court would entertain a similar discovery request by Petitioner if the roles were reversed, and Petitioner became aware of new information that justified a request for additional discovery.

### III. Conclusion

For the foregoing reasons, the Court concludes that Respondent has satisfied the good cause standard set forth in Habeas Rule 6 for discovery of certain documents that

appear to be from trial counsel's files, to the extent that those documents are responsive to any of the ineffective assistance of counsel claims pending before the Court. Therefore, the Court **GRANTS** Respondent's motion for discovery of trial counsel's files. (Doc. # 195.) To the extent that any such documents exist, Petitioner shall provide copies to Respondent within thirty (30) days of the date of this Opinion and Order. Furthermore, the Court **DENIES** Petitioner's motion to strike the Reply. (Doc. # 203.)

## IV. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge