**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

S. ADELE SHANK, ATTORNEY
As next friend for KEVIN P. SCUDDER,

      Petitioner,

        v.                                    Case No. 2:00-CV-17
                                              JUDGE MARBLEY
BETTY MITCHELL, Warden,              Magistrate Judge Kemp

      Respondent.

**OPINION AND ORDER**

On August 23, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's motion for discovery of trial counsel's files be granted, to the extent that any documents from those files pertain to any of Petitioner's claims of ineffective assistance of trial counsel, as set forth in the Amended Petition. (Doc. # 209.) In addition, the Magistrate Judge recommended that Petitioner's motion to strike Respondent's reply, (Doc. # 203), be denied. On September 27, 2010, Petitioner filed a motion for reconsideration and objections to the Magistrate Judge's *Report and Recommendation*. (Doc. # 212.) On October 25, 2010, Respondent filed a response in opposition to Petitioner's motion for reconsideration and objections. (Doc. # 215.) For the reasons that follow, Petitioner's motion for reconsideration is **DENIED**, and his objections are **OVERRULED**. The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.

During the course of depositions authorized by this Court, Respondent became aware that counsel for Petitioner had in their possession copies of certain documents from trial counsel's files. Specifically, habeas counsel had copies of interview summaries prepared by a defense investigator concerning potential witness David Bonner, which according to Respondent, is

relevant to Petitioner's fifth ground for relief, wherein Petitioner argues that trial counsel were ineffective for failing to call Bonner as an alibi witness. On February 12, 2010, Respondent filed a motion for discovery seeking any copies of trial counsel's files in possession of habeas counsel that relate to any of Petitioner's claims of ineffective assistance of trial counsel. Respondent argued that she could not have requested discovery prior to the discovery deadline, because it was not until this Court granted Petitioner's motion for discovery and authorized depositions of trial counsel that this information came to light.

Petitioner opposed Respondent's request for discovery of trial counsel's files, arguing that Respondent failed to satisfy the good cause standard for discovery, that Respondent's request was untimely, and that Respondent had waived any claim to discovery because she previously opposed Petitioner's discovery requests and took the position that discovery was unnecessary. In opposing Respondent's discovery request, Petitioner declined to address or confirm whether he has any other documents from trial counsel's files that are relevant to the ineffective assistance of counsel claims pending before this Court.

After considering the good cause standard for granting habeas discovery, the Magistrate Judge recommended that Respondent's motion for discovery be granted. (Doc. # 209.) Specifically, the Magistrate Judge opined that Respondent was entitled to any documents from trial counsel's files, or any copies of documents that appear to be from trial counsel's files, that pertain to any of Petitioner's claims of ineffective assistance of trial counsel pending before the Court. The Magistrate Judge noted that it was unclear whether or to what extent copies of trial counsel's files exist, but agreed with Respondent that to the extent that Petitioner has any such documents, they are discoverable in these habeas proceedings. The Magistrate Judge opined:

2

> Petitioner has asserted several claims of ineffective assistance of counsel alleging the failure of counsel to conduct a thorough investigation, to properly challenge evidence, to wage certain objections, to call potential witnesses, and to present an effective mitigation case.  Whether counsel's performance was deficient, or resulted in prejudice to Petitioner, will likely depend on the alternatives available to counsel and the investigation underlying counsel's decisions, questions on which the content of counsel's trial file is likely to be quite relevant.  Documents from counsel's file are likely to be helpful in providing a complete picture of the strategy and options available to counsel at the time of trial.  By way of example, one of the issues in this habeas action is whether trial counsel adequately investigated and presented mitigating evidence during the penalty phase. Documents from the trial file undoubtedly could provide a wealth of valuable information regarding counsel's preparation and thought processes, including correspondence with case investigators, and interviews of family members and potential witnesses in search of mitigating evidence.  This information may be responsive to Petitioner's claims that counsel were ineffective for doing and/or failing to do certain acts.  Additionally, in his fifth ground for relief, Petitioner argues that his attorneys performed unreasonably and to his prejudice by failing to adequately challenge the DNA evidence used by the State.  The record reflects that Petitioner received funds to conduct an independent analysis of the DNA evidence.  Perhaps documents from trial counsel's file could shed light on why counsel did not call a defense expert to challenge the DNA evidence.  If such information exists, Respondent is entitled to it in order to fully and fairly litigate the particulars of Petitioner's ineffective assistance of counsel claims.

(*Id*. at 11-12.)

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a de novo review of those portions of the *Report and Recommendation* objected to by Petitioner.  After considering Respondent's discovery request, Petitioner's arguments in opposition, the *Report and Recommendation* of the Magistrate Judge, and Petitioner's motion for reconsideration and objections to the *Report and Recommendation*, the Court finds that discovery of trial counsel's files is warranted in this case.  As Petitioner noted in his objections, the Magistrate Judge's recommendation regarding the discovery of trial counsel's files was limited in nature.  The Magistrate Judge recommended that Petitioner provide to Respondent only those documents in his possession that relate to claims of ineffective assistance of counsel pending before this Court.

3

Petitioner has made specific allegations concerning the reasonableness of his trial counsel's conduct during both the guilt and penalty phases of his trial.  Prior to the depositions authorized by this Court, Respondent was unaware of the existence of certain documents from trial counsel's files that relate to Petitioner's claim of ineffective assistance of counsel for failing to call an alibi witness (seventh ground for relief).  Respondent argues that because those documents did in fact exist, it is logical to conclude that habeas counsel may have other documents from trial counsel's file that pertain to Petitioner's other claims of ineffective assistance of counsel.  The Court recognizes that there is some amount of speculation to this argument.  However, that speculation is directly attributable to Petitioner's refusal to acknowledge whether he has other documents from trial counsel's file.  Petitioner has all but refused to address whether the documents exist, much less hint at the potential subject matter of any additional documents.  Petitioner continues to argue that Respondent cannot identify the contents of documents that he will not acknowledge exist.

In order to fully and fairly determine the issues of ineffective assistance of counsel raised by Petitioner, the Court finds that Petitioner's counsel must provide to Respondent any documents in their possession that appear to be from trial counsel's files and that appear to relate to any of Petitioner's claims of ineffective assistance of counsel.  Specifically, Petitioner must disclose any documents that are responsive to his claim that trial counsel were ineffective for waiving Petitioner's speedy trial rights without his knowledge or consent (third ground for relief), that counsel failed to investigate and adequately challenge DNA evidence presented by the state (fifth ground for relief), that counsel failed to object to improper evidence, jury

instructions and court procedures (sixth ground for relief), that counsel failed to act as his advocates throughout the trial and failed to call David Bonner as an alibi witness (seventh ground for relief), and that trial counsel failed to investigate and prepare for the mitigation/sentencing phase of his trial (eighth ground for relief). This Court's Order that Petitioner provide only those documents from trial counsel's files that relate to specific claims of ineffective assistance of counsel pending before the Court is designed to ensure that the discovery is no broader than is necessary to ensure the fairness of these proceedings.

In finding that Respondent has shown good cause and is entitled to copies of any pertinent documents from trial counsel's files, the Court rejects Petitioner's argument that Respondent has waived any claim to discovery by taking the position, previously, that discovery was unnecessary. The Court accepts Respondent's representation that she had no reason to believe that these files existed until the deposition of trial counsel. In order to fairly determine the issues, the Court would consider a similar request from Petitioner if Petitioner became aware of new information that justified a renewed or additional request for discovery.

The Court concludes that Respondent has satisfied the good cause standard set forth in Habeas Rule 6 for discovery of certain documents that appear to be from trial counsel's files, to the extent that those documents are responsive to any of the ineffective assistance of counsel claims pending before the Court. Therefore, for the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, the Court **DENIES** Petitioner's motion for reconsideration, and **OVERRULES** Petitioner's objections to the *Report and Recommendation*. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. To the extent that documents appearing to be from trial counsel's files exist and are relevant to any of

Petitioner's claims of ineffective assistance of counsel, Petitioner shall provide copies of those documents to Respondent within thirty (30) days of the date of this Opinion and Order. In the event that Petitioner has some question regarding whether a particular document may or may not relate to one of his claims of ineffective assistance of trial counsel, Petitioner shall submit any such documents to the Court for an *in camera* review.

    **IT IS SO ORDERED.**

                                           **s/Algenon L. Marbley**
                                         **ALGENON L. MARBLEY**
                                         **United States District Judge**