**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**S. ADELE SHANK, ATTORNEY**
**As next friend for KEVIN P. SCUDDER,**

        **Petitioner,**

        **v.**                           **Case No. 2:00-CV-17**
                                             **JUDGE MARBLEY**
**BETTY MITCHELL, Warden,**            **Magistrate Judge Kemp**

        **Respondent.**

## OPINION AND ORDER

        Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter is before the Court upon Petitioner's motion for leave to supplement his habeas petition, (ECF No. 220), Respondent's memorandum in opposition, (ECF No. 221), and Petitioner's motion to strike Respondent's memorandum in opposition.  (ECF No. 222.)

        On January 10, 2000, proceeding as next friend for Petitioner, Attorney Adele Shank filed a petition for writ of habeas corpus, (ECF No. 11), and on February 10, 2003, filed an amended habeas corpus petition.  (ECF No. 121.)  Petitioner now seeks leave to file a second amended petition to add the following two grounds for relief:

> **Thirty-First Ground for Relief:**  Scudder's execution will violate the Eighth and Fourteenth Amendments because Ohio's lethal injection policy, protocols, and procedures will result in cruel and unusual punishment and will deny him other constitutional rights.

> **Thirty-Second Ground for Relief:**  Scudder's execution will violate the Fourteenth Amendment because ORC Section 2949.22(A) and Ohio's lethal injection policy, protocols, and procedures will deprive him of equal protection of the law and other constitutional rights.

(ECF No. 220-1, at 4, 7.)  Petitioner asserts that evidence in support of his claims is newly discovered and that the interests of justice would be served by allowing him to add the claims set forth above.  (ECF No. 220, at 1-3.)

Respondent opposes Petitioner's motion on several grounds.  First, Respondent argues that to the extent Petitioner raises a general challenge to lethal injection as a method of execution, his amended claims are not based on newly discovered evidence and are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  (ECF No. 221, at 3.) According to Respondent, "Ohio has had lethal injection as its sole method of execution since the enactment of the current version of ORC 2949.22 on November 21, 2001.  So calling this claim – filed September 17, 2012 – untimely would be a gross understatement.  The claims are time barred."  (*Id*. at 3.)  Respondent's second argument is that "to the extent Scudder's amended claim is a challenge to the procedures and means by which lethal injection is carried out, the amended claim sounds in § 1983, and not habeas, and accordingly can't be adjudicated in this habeas action."  (*Id*. at 6.)  Finally, Respondent argues that if Petitioner's claims are construed as cognizable in federal habeas corpus proceedings, they are procedurally defaulted.  (*Id*. at 15-16.)

On October 25, 2012, Petitioner filed a motion to strike Respondent's memorandum in opposition, arguing that the Warden's response is "unresponsive and an attempt to defeat the merits of Scudder's supplemental claims instead of addressing Scudder's motion to be allowed to supplement his habeas petition."  (ECF No. 222, at 1.)  According to Petitioner, "[t]he Warden has 'in the alternative' converted her response into a motion to dismiss Scudder's supplemental claims."  (*Id*.)  Petitioner suggests that the Warden's response should be stricken as not responsive, premature, and procedurally improper.  (*Id*.)

With respect to the Warden's arguments, Petitioner asserts that the claims set forth in his

amended petition are cognizable in habeas corpus and are not time barred.  (*Id*. at 2, 7.) Petitioner argues that the proposed amended claims could not have been raised previously, because the claims and/or the evidence that support the claims did not exist until recently.  (*Id*. at 7.)  Petitioner explains that his lethal injection claims are based on Ohio's latest lethal injection protocol, which was adopted on September 18, 2011, as well as evidence which was obtained in the past year during the course of discovery and evidentiary hearings in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, a § 1983 action that challenges Ohio's lethal injection protocol and which is pending before Judge Gregory Frost of this Court.  (ECF No. 220, at 2-3.)  Petitioner asserts that "[b]ecause the adoption of protocols and execution procedures used by the State of Ohio is an 'occurrence or event that happened after the date of the pleading to be supplemented,' it is appropriate and in the interests of justice to allow supplementation now."  (*Id*.)  Furthermore, Petitioner argues that although his habeas claims and his § 1983 claims are factually similar, they are not identical – "[t]hey differ in the governing legal doctrines, the procedural requirements, and the types of relief available, among other things."  (*Id*. at 6.)  Petitioner points out that his proposed habeas corpus claims would preclude administration of his death sentence, while the related claims that he is litigating in Judge Frost's § 1983 case would not.  (ECF No. 222, at 2-3.)  Finally, Petitioner claims that Respondent's arguments regarding procedural default are premature.  (*Id*. at 1.)

For the reasons that follow, the Court is satisfied that allowing Petitioner to file an amended petition serves the interests of justice and that his proposed amended claims are timely and cognizable in habeas corpus.

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), established

time limits for commencing attacks on state convictions through habeas corpus proceedings under 28 U.S.C. § 2254.  Under the AEDPA, a state prisoner must commence the collateral attack within one year from the latest of:

>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Petitioner's initial habeas corpus petition was timely filed and Respondent has never argued otherwise.

Amendments to habeas corpus petitions were contemplated by the habeas corpus statute, and are governed by Rule 15 of the Federal Rules of Civil Procedure.  Section 2242, Title 28 U.S.C., addressing the habeas corpus application itself, states that the application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Similarly, Rule 11 of the Rules Governing Section 2254 Cases states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading only with the opposing party's consent or by leave of court and that "[t]he court should freely give leave when justice so requires."  With respect to habeas corpus petitions, the decision of whether to grant a motion for

4

leave to amend rests within the discretion of the district court.  Traditionally, district courts liberally grant requested amendments.  The Court of Appeals for the Sixth Circuit has held:

> Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires.  This court has explained the factors that a district court should consider when deciding whether to grant leave to amend.  Several elements may be considered in determining whether to permit an amendment.  Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.  Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).  A district court's decision whether to grant a motion to amend the petition pursuant to Fed. R. Civ. P. 15(a) generally is reviewed for an abuse of discretion.  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 305 (6th Cir. 2001).

Petitioner asserts that the interests of justice would be furthered by allowing him to amend his petition.  (ECF No. 220, at 3.)  Asserting that Petitioner's claims are time-barred and/or not cognizable in habeas corpus, Respondent does not address Petitioner's argument.  With respect to the interests of justice, the claims that Petitioner seeks to add challenge the constitutionality of the state court judgment at the heart of the instant habeas corpus action and, as Petitioner points out, Ohio has conducted frequent executions since June of 2009.  (ECF No. 220-1, at 2.)  Further, although this case appears ripe for a final decision, the Court is not persuaded that adding two discrete claims at this stage of the case will cause such undue prejudice to Respondent or undue delay to these proceedings as to make the amendment ill-advised.  Accordingly, the Court is satisfied that it is in the interests of justice to allow Petitioner to file an amended petition.

The Court further concludes that Petitioner's claims are not time-barred.  Section 2244(d)(1)(D) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of *** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D).  As noted previously, Petitioner asserts that his amendment falls within the one-year statute of limitations because his lethal injection claims are based on Ohio's latest lethal injection protocol, which was adopted on September 18, 2011, and on evidence which was obtained in the past year during the course of discovery and evidentiary hearings in *In re Ohio Execution Protocol Litigation*, S.D. Ohio No. 2:11-cv-1016.  The Court agrees.  The Sixth Circuit has taken the position that the statute of limitations governing method-of-execution challenges brought via § 1983 begins anew any time Ohio adopts a new written protocol.  *See Cooey v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010) (stating that once Ohio adopted a new execution protocol, "the statute of limitations to challenge the new procedure began to run anew.")  Although the instant method-of-execution challenges are before this Court in habeas corpus, rather than a § 1983 action, the same reasoning informs the "start" date for the statute of limitations.  Even if some of the facts and anecdotal evidence supporting Petitioner's method-of-execution challenges existed prior to the effective date of the current protocol, it would be non-sensical for Petitioner to lodge a facial, unconditional challenge to a method of execution whose foundation – Ohio's execution protocol as written – has been superseded.  In fact, it could be argued that any such claim would fail to present a case or controversy, effectively putting it beyond the scope of this Court's reach.  Moreover, Respondent offers no authority supporting the

position that Petitioner could have discovered the factual predicate underlying his method-of-execution challenges any time before the effective date of Ohio's most recent execution protocol.

The Court also concludes that Petitioner's claims properly sound in habeas corpus. In the instant habeas corpus action, Petitioner lodges facial, unconditional challenges to the constitutionality of Ohio's execution method and nowhere concedes that Ohio can ever constitutionally execute him. Those challenges are factually related to, but legally distinct from, the challenges that Petitioner is litigating in *In re Ohio Execution Protocol Litigation* because there, he does concede that Ohio may, if it makes certain changes and improvements, be able to execute him in compliance with the United States Constitution. Respondent scoffs at the minutia but it is not a difference without distinction. Judge Frost explained at the inception of the § 1983 challenge to Ohio's execution procedures the differences between a method-of-execution challenge properly raised in § 1983 and a method-of-execution challenge properly raised in habeas corpus. This Court agrees with his reasoning. *Cooey v. Taft*, Case No. 2:04-cv-1156, ECF No. 14, at 17-18 (S.D. Ohio Mar. 28, 2005). Furthermore, as Petitioner correctly points out, in the Sixth Circuit, method-of-execution challenges are cognizable in habeas corpus. *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *see also Brinkley v. Houk*, Case No. 4:06CV0110, 2011 WL 6029941, at *80 (N.D. Ohio Dec. 5, 2011); *Frazier v. Bobby*, No. 3:09-CV-1208, 2011 WL 5086443, at *58 (N.D. Ohio Oct. 25, 2011). Finally, this Court has permitted almost identical amendments to the habeas petitions in at least two death penalty cases pending in this district. *See, e.g., Robb v. Ishee*, Case No. 2:02-cv-535, ECF No. 145 (S.D. Ohio July 16, 2012); *Conway v. Houk*, Case No. 2:07-cv-947, ECF No. 94 (S.D. Ohio July 16, 2012). *See also Lindsey v. Bradshaw*, Case No. 1:03-cv-702, ECF No. 94 (S.D. Ohio July 5, 2012); *Chinn v.*

*Bradshaw*, Case No. 3:02-cv-512, ECF No. 71 (S.D. Ohio Apr. 6, 2012); *Ballew v. Mitchell*, Case No. 1:98-cv-867, ECF No. 89 (S.D. Ohio Apr. 12, 2013).

Respondent directs the Court's attention to two recent decisions from the Northern District of Ohio, *Treesh v. Robinson*, Case No. 1:12cv2322, and *Post v. Bradshaw*, Case No. 1:97cv1640. (ECF. No. 223.) In those cases, the courts dismissed habeas petitions attempting to raise method of execution claims, finding the petitions to be second or successive. Specifically, in *Treesh*, the court determined that to the extent the petitioner attempted to raise a facial, unconstitutional challenge to Ohio's lethal injection protocol, his petition constituted a second or successive petition pursuant to 28 U.S.C. § 2244(b). The court rejected the petitioner's argument that the additional changes made to Ohio's lethal injection protocol in September 2011, as well as the discovery gleaned from the pending § 1983 case, gave rise to the petitioner's new claims for relief challenging the existing protocol, finding the petitioner's "current lethal injection claims [to be] virtually identical to those asserted in his initial habeas petition." *Treesh v. Robinson*, Case No. 1:12cv2322, 2012 WL 5617072, *8 (N.D. Ohio Nov. 15, 2012). Alternatively, the court opined that even if it looked at the very specific, particularized allegations set forth in the new petition regarding Ohio's lethal injection protocol, it would conclude that the claims were not cognizable in habeas corpus. Specifically, the court held that "[d]espite Treesh's protestations to the contrary, the Court sees no meaningful distinction between the claims as pled in the instant Petition and those currently pending before Judge Frost." (*Id.* at 9.) Likewise, in *Post*, the court determined that the petitioner was attempting to "relitigat[e] his previous claims, albeit in a more specific, individualized way," and found that the petitioner failed to demonstrate in the new petition that "his medical condition ha[d] changed

so significantly, or that Ohio's new lethal injection procedures have changed so radically, since he filed his first petition in 1997 that his original core complaints are transformed into something new." *Post*, Case No. 1:97cv1640, ECF No. 201, at 10 (N.D. Ohio Nov. 26, 2012).

This Court respectfully disagrees with the decisions reached in *Post* and *Treesh*.  For the reasons stated herein, the Court finds the proposed amendments to be timely filed.  Furthermore, although Petitioner's amended claims are factually related to the claims that he has also raised in *In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, the Court finds that they are nonetheless legally distinct from those claims.  Finally, this Court is unaware of any authority precluding an inmate from simultaneously litigating a method-of-execution challenge in habeas corpus and a related method-of-execution challenge in § 1983.  *See Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890, at *129-133 (S.D. Ohio Sep. 28, 2011) (Frost, J.).

For the foregoing reasons, the Court **GRANTS** Petitioner's motion for leave to file an Amended Petition.  (ECF No. 220.)  The Court **DIRECTS** Petitioner's counsel, within thirty (30) days of the date of this Order, to separately file the Amended Petition.  Respondent shall have thirty (30) days from the date that Petitioner files the Amended Petition to file a Supplemental Return of Writ.  Petitioner shall have thirty (30) days from the date Respondent files a Supplemental Return of Writ to file any Reply.  Any issues of procedural default may be raised in the Supplemental Return of Writ.  The Court **DENIES** Petitioner's motion to strike Respondent's memorandum in opposition.  (ECF No. 222.)

     **IT IS SO ORDERED.**

**DATED:  June 24, 2013**                          <u>  s/Algenon L. Marbley  </u>
                                                **ALGENON L. MARBLEY**
                                                **United States District Judge**