IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN P. SCUDDER,

Petitioner,

v.

BETTY MITCHELL, Warden,

Respondent.

Case No. 2:00-cv-17
JUDGE MARBLEY
Magistrate Judge Vascura

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Petitioner's Motion to Hold Proceedings in Abeyance or in the Alternative to Grant Scudder Until June 1, 2016 to Seek Leave to Amend his Pending Habeas Corpus Petition (ECF No. 240), as well as Petitioner's Motion for Leave to Amend and Supplement Petition (ECF No. 243).

This Court has twice allowed Petitioner to amend his Petition to add, and subsequently supplement and update, claims raising various method-of-execution challenges. (ECF Nos. 224 and 234.) Since that time, the legal landscape concerning the ability of prisoners to raise method-of-execution claims in habeas corpus has become uncertain, beginning with the United States Supreme Court's June 29, 2015 decision in *Glossip v. Gross*, 135 S.Ct. 2726, 2738 (2015).

*Glossip v. Gross* involved a § 1983 challenge by Oklahoma death row inmates alleging "that midazolam, the first drug employed in the State's current three-drug protocol, fails to render person insensate to pain." *Id.* at 2731. In explaining why an announced requirement that

1

movants identify an alternative method of execution did not contravene the Court's decision in

*Hill v. McDonough*, 547 U.S. 573 (2006), the Supreme Court stated as follows:

> The portion of the opinion in *Hill* on which [the petitioners] rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under § 1983. *Id.*, at 576, 126 S.Ct. 2096. ***We held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence.***

*Glossip*, 135 S.Ct. at 2738 (emphasis added).

This statement regarding *Hill* is significant. In *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), the Sixth Circuit, based on an expansive reading of *Hill* and *Nelson v. Campbell*, 541 U.S. 637, 646 (2004), held that method-of-execution challenges are cognizable in habeas corpus. This Court and other courts within this District thereafter relied on *Adams* in accepting the proposition that method-of-execution claims properly sound in habeas corpus. *Glossip* appeared to call into question whether *Adams v. Bradshaw* remained good law.

But on March 15, 2016, the Sixth Circuit issued *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. 2016) ("*Adams II*"), affirming the district court's most recent decision denying Adams's petition for habeas corpus relief. As to Adams's contention that lethal injection as a means of execution violates the constitutional prohibition against cruel and unusual punishment, the Sixth Circuit stated as follows:

> [N]otwithstanding the warden's assertion that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from that presented in *Hill* because at least some of Adams's claims, if successful,

2

would bar his execution, and Adams does not concede that lethal injection can be administered in a constitutional manner. *Cf. Hill*, 547 U.S. at 580.

*Adams II*, 817 F.3d at 299. Several months later, the Sixth Circuit reaffirmed its conclusion in an Amended Opinion and Judgment, holding again that Adams's method-of-execution challenges were properly raised in habeas corpus because his constitutional challenge seeking to permanently enjoin the use of lethal injection effectively amounted to a challenge to the fact of the sentence itself. *Adams v. Bradshaw*, 826 F.3d 306, 320-21 (6th Cir. 2016) ("*Adams III*").

Recognizing that the Sixth Circuit's *Adams* decisions were not final, and additionally arguing that there was good reason to believe that Ohio's execution protocol would undergo future changes (and it has), Petitioner asked this Court to hold these habeas corpus proceedings in abeyance and equitably toll any applicable limitations periods. (ECF No. 240, at Page ID # 2303.)[1] The Court is of the view that the parties should address the impact of the *Adams* holdings on the viability of Petitioner's method-of-execution claims, as that impact relates to the motion for leave to amend and supplement the Petition that Petitioner filed on June 3, 2016 (ECF No. 243). The Court is not of the view, however, that it is necessary to hold these proceedings in abeyance in order to do so. This Court and other courts within this District have handled the unsettled legal landscape concerning method-of-execution claims raised in habeas corpus by essentially putting on hold until *Adams* became final any consideration of motions to amend and/or supplement existing method-of-execution claims. *See, e.g., Robb v. Ishee*, Case No. 2:02-cv-535 (S.D. Ohio Mar. 17, 2016, ECF No. 173). Petitioner does not explain, and it is not otherwise apparent to the Court, why holding the proceedings in their entirety in abeyance is

---

[1] In the alternative, Petitioner asked that he be allowed until June 1, 2016 to seek leave to amend his Petition (ECF No. 240, at Page ID # 2304). Petitioner subsequently filed that

3

necessary to protect any limitations periods relating to method-of-execution claims that have already been pleaded in a pending habeas corpus case.

For the foregoing reasons, Petitioner's Motion to Hold Proceedings in Abeyance (ECF No. 240) is **DENIED** and Petitioner's Motion for Leave to Amend and Supplement Petition (ECF No. 243) is **DENIED WITHOUT PREJUDICE, subject to renewal**, as appropriate, following briefing on the impact of *Adams II* and *Adams III*. Petitioner shall have fourteen (14) days from the date of this Opinion and Order to file a supplemental memorandum addressing the impact of *Adams II* and *Adams III* on Petitioner's motion for leave to amend and supplement his Petition, and to submit amended proposed claims as an exhibit. Respondent may respond to Petitioner's supplemental memorandum not later than fourteen (14) days after it is filed.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge

---

motion on June 3, 2016 (ECF No. 243).