IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN P. SCUDDER,

       Petitioner,

v.                                   Case No. 2:00-cv-17
                                          CHIEF JUDGE ALGENON L. MARBLEY
BETTY MITCHELL, Warden,       Magistrate Judge Chelsey M. Vascura

       Respondent.

## OPINION AND ORDER

### I. INTRODUCTION

Petitioner, a prisoner sentenced to death by the State of Ohio, has before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's "Motion to Recognize 'Cause' under *White v. Warden* and *Trevino v. Thaler* Regarding Petitioner's Third and Eighth Claims," ECF No. 256, and Respondent's Memorandum in Opposition, ECF No. 258. For the reasons that follow, the Court **DENIES** Petitioner's Motion.

### II. BACKGROUND

In his Third Ground for Relief, Petitioner sets forth a claim of ineffective assistance of trial counsel, alleging, in part, that trial counsel failed to litigate adequately his competence to stand trial and present an insanity defense. In his Eighth Ground for Relief, Petitioner argues trial counsel failed to investigate and prepare for the mitigation phase of his trial. In a September 30, 2008 Opinion and Order, this Court determined that Petitioner procedurally defaulted his Third Ground for Relief, as it related to the competency and insanity defense allegations, because

Petitioner failed to present that portion of his Third Ground for Relief to the state courts. (ECF No. 179, at PAGEID # 1425-31.) The Court determined that Petitioner's Eighth Ground for Relief was properly before the Court, because he raised the claim on direct appeal to the Ohio Supreme Court, and the Ohio Supreme Court considered the claim on the merits. (*Id*. at PAGEID # 1445-47.) Petitioner asks this Court to revisit its prior Opinion and Order, arguing that recent decisions by the Supreme Court and the Sixth Circuit Court of Appeals now permit him to offer, for the first time, the ineffective assistance of postconviction counsel as cause to excuse the default of his Third Ground for Relief, and to expand his Eighth Ground for Relief. (ECF No. 256, at PAGEID # 2655-57.) According to Petitioner, "[i]n order to show prejudice, each of these claims had to be supported by evidence *dehors* the record and thus, under Ohio law, should have been raised in Ohio's state post-conviction process." (*Id*. at PAGEID # 2656.) Citing the evidence he developed in these habeas proceedings, Petitioner argues "[t]he evidence that was presented in this court during the five days of hearings held on Petitioner's competence to waive further review is the evidence *dehors* the state court trial record that should have been presented in Mr. Scudder's state post-conviction proceedings. That evidence showed Mr. Scudder's serious mental illness and that he is incompetent." (*Id*. at PAGEID # 2654.) With respect to his Eighth Ground for Relief, Petitioner contends this new evidence undermines any determination by the state courts that his claim could have been meaningfully litigated on direct appeal based solely on the trial record. As this Court explains below, the Sixth Circuit's recent decision in *Hugueley v. Mays*, 964 F.3d 489 (6th Cir. 2020), forecloses, in part, the relief Petitioner seeks.

2

### III.  STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION

Although couched in terms of a motion to recognize cause, Petitioner's motion is in effect, a motion for reconsideration.  Federal Rule of Civil Procedure 54(b) provides in relevant part that "any order or other decision … that adjudicates fewer than all the claims … may be revised at any time before the entry of a judgment adjudicating all the claims…."  Thus, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."  *Rodriguez v. Tennessee Laborers Health & Welfare*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).  That said, motions for reconsideration are generally disfavored, *see, e.g., Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), and are not a vehicle for unhappy litigants to relitigate matters already decided.  *Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).  A motion for reconsideration is proper only if:  (1) there is an intervening change of controlling law; (2) there is new evidence; or (3) there is a need to correct a clear error or prevent manifest injustice.  *Rodriguez*, 89 F. App'x at 959; *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Petitioner's motion rests on a change in controlling law regarding the procedural default of certain ineffective assistance of trial counsel claims.

### IV.  ANALYSIS

Recently, the Sixth Circuit determined that petitioners in habeas corpus cases arising out of the State of Ohio may now assert the ineffective assistance of postconviction counsel as cause to excuse the default, during postconviction, of a substantial claim of ineffective assistance of trial counsel.  *See White v. Warden*, 940 F.3d 270 (6th Cir. 2019).  In discussing *White*'s

3

application of this rule to habeas petitioners in Ohio, the Honorable Michael H. Watson stated, in relevant part:

> In *Coleman v. Thompson*, 501 U.S. 722, 757 (1991), the Supreme Court established that, because no constitutional right to counsel existed in state postconviction proceedings, attorney error in those proceedings could not constitute cause to excuse procedural default in habeas corpus. In *Martinez v. Ryan*, the Supreme Court carved out the following narrow exception to *Coleman*: "[w]here, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. 1, 17 (2012) (emphasis added). In *Trevino v. Thaler*, the Supreme Court expanded *Martinez*'s narrow exception beyond states where claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding to states that *permit* but do not *require* claims of ineffective assistance of trial counsel to be raised on direct appeal. That was because time constraints and procedural hurdles inherent in Texas's procedure made it virtually impossible for claims of ineffective assistance of trial counsel to be adequately presented on direct appeal. The Supreme Court thus held that ineffective assistance of postconviction counsel can constitute cause to excuse the default of a claim of ineffective assistance of trial counsel, where direct appeal does not provide a "meaningful opportunity" to present a claim of ineffective assistance of trial counsel. *Trevino v. Thaler*, 569 U.S. 413, 429 (2013).
>
> Although the Sixth Circuit has for years declined to determine whether the *Martinez-Trevino* cause argument applied to habeas cases out of Ohio, *see, e.g., McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751-52 (6th Cir. 2013), the Sixth Circuit finally addressed the issue head-on in *White v. Warden*, 940 F.3d 270 (6th Cir. 2019), answering the inquiry in the affirmative. There, the Sixth Circuit found that the petitioner had demonstrated cause under the *Martinez-Trevino* exception to excuse the default of the petitioner's ineffective assistance of trial counsel claim. Applying the four-part test set forth in *Martinez* and clarified in *Trevino*, the Sixth Circuit explained that for the *Martinez-Trevino* exception to excuse a procedural default:
>
>> The petitioner must show that: (1) he has a *"substantial"* claim of ineffective assistance of trial counsel; (2) he had "no counsel or counsel … was ineffective" in his collateral-review [postconviction] proceedings; (3) the collateral-review proceeding was the "initial" review of the claim; and (4) state law requires ineffective-assistance-of-trial-counsel claims to be raised in the

4

> first instance in a collateral-review proceeding.

> *White*, 940 F.3d at 276 (quoting *Martinez*, 566 U.S. at 9, 17). Thus, it is settled that ineffective assistance or nonexistence of postconviction counsel *can* excuse the default during postconviction proceedings of claims of ineffective assistance of trial counsel. ***

*Hunter v. Jenkins*, Case No. 1:15-cv-209 (S.D. Ohio Jul. 15, 2020) (ECF No. 91, at PAGEID # 7050-52).

In *Hugueley v. Mays*, 964 F.3d 489 (6th Cir 2020), the Sixth Circuit issued a decision appearing to limit the type and/or scope of postconviction attorney error that a petitioner may offer as cause to excuse the default of a claim of ineffective assistance of trial counsel. The Court held that the petitioner's postconviction counsel's performance was not "cause" for the default of the petitioner's ineffective assistance of trial counsel claim, because postconviction counsel properly raised the claim in state collateral proceedings. The Sixth Circuit explained:

> *Martinez* and the cases that follow it indicate that the Supreme Court's rationale in creating the exception was the concern that deficient (or nonexistent) post-conviction counsel would fail to ever *raise* a prisoner's ineffective-assistance-of-trial-counsel claim, not a concern that the claim would be raised but ultimately be underdeveloped. Put another way, post-conviction counsel's failure to take all possible steps to fully develop a claim cannot be the "cause" of a default as long as counsel properly raised the claim and made a good-faith effort in presenting it.

*Id*. at 499 (emphasis in original). The Sixth Circuit reasoned that "because there is no right to counsel in post-conviction proceedings, a showing of deficient performance for failure to take certain actions *after*, the claim has been properly raised is extremely difficult." *Id*. at 500 (emphasis in original). The Sixth Circuit concluded that Hugueley's postconviction counsel had "vigorously" raised the petitioner's claim of ineffective assistance of trial counsel, spent months exploring evidence to support the claim, filed motions for funds for experts, and then raised concerns about the petitioner's competency when he sought to withdraw his postconviction

5

petition. *Id*. After appointing an expert, the trial court allowed the petitioner to withdraw his petition, which resulted in the waiver of his ineffective assistance of trial counsel claim. From these facts, the Sixth Circuit concluded that the concerns that gave rise to *Martinez* are not implicated where the ineffective assistance of trial counsel claim is fully raised but ultimately defaulted due to the petitioner's own actions. *Id*. at 501.

In the September 30, 2008 Opinion and Order, (ECF No. 179), this Court determined that Petitioner procedurally defaulted most of his allegations of ineffective assistance of trial counsel set forth in his Third Ground for Relief, because Petitioner failed to present those allegations to the state courts. Specifically, in his Third Ground for Relief, Petitioner asserts his trial counsel were ineffective because they:

> (1) failed to meet with and consult him; (2) proceeded with the trial while acting at odds with his best interests; . . . (4) failed to vigorously litigate his incompetence, insist on a competency hearing, obtain an independent competency evaluation, enter a plea of not guilty by reason of insanity, and have him evaluated for sanity at the time of the offense. (Am. Pet., doc. no. 121, at ¶ 12) . . . . [and (5) because they] failed to understand the role drug use played in his life, and therefore, they failed to present drug use as a mitigating factor.

(ECF No. 256, at PAGEID # 2656.) In finding that Petitioner failed to present these allegations to the state courts, this Court rejected Petitioner's argument that many of the allegations were contained within his thirty-first proposition of law on direct appeal, wherein he argued the ineffective assistance of counsel based on counsel's failure to maintain a good rapport with him throughout the proceedings. (ECF No. 179, at PAGEID # 1429-30.) Petitioner acknowledged that he did not raise on direct appeal the allegations concerning trial counsel's failure to recognize his insanity defense and incompetence to stand trial. As cause for not raising these issues on direct appeal, Petitioner cited the trial court's failure to transcribe the competency

6

proceedings and make them a part of the record on appeal. (*Id*. at PAGEID # 1431.) This Court rejected Petitioner's missing transcript "cause" argument, and Petitioner did not argue the claim was appropriate only in postconviction. (*Id*.)

Despite previously attempting to establish cause for why his Third Ground for Relief was not raised on direct appeal, Petitioner now asserts that the ineffective assistance of trial counsel claim for failing to litigate vigorously his incompetence, obtain an independent competency evaluation, and enter a plea of not guilty by reason of insanity, should have been raised in postconviction and supported by evidence *dehors* the record. Postconviction counsel's failure to even raise the claim, Petitioner argues, serves as cause to excuse the default of the underlying ineffective assistance of trial counsel claim. This Court does not agree.

As a threshold matter, the *Martinez-Trevino* exception applies to only one class of defaulted claims: ineffective assistance of trial counsel claims, and only when the first meaningful opportunity to raise those trial counsel ineffectiveness claims is during the state's initial-review postconviction proceeding. The four-part test announced by *Martinez* and clarified by *Trevino* expressly references substantial claims of ineffective assistance of trial counsel, "in a single context – where the state effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davilla v. Davis*, 137 S.Ct. 2058, 2062-63 (2017). The problem for Petitioner, is that his competency-based ineffective assistance of trial counsel claim could have been raised on direct appeal, and Petitioner conceded as much by attempting to establish cause for his appellate counsel's failure to do so. The fact that Petitioner could have augmented the claim with additional non-record evidence in postconviction does not change the fact that Petitioner could have meaningfully raised the claim on direct

7

appeal, as it will almost always be the case that an on-the-record claim can be bolstered with additional non-record evidence.

Even assuming Petitioner's claim that trial counsel failed to challenge effectively his competency to stand trial should have been raised in postconviction, counsel's failure to raise a claim does not automatically establish the ineffective assistance of postconviction counsel. Here, Petitioner was represented by three different attorneys in connection with his postconviction proceedings. On August 2, 1996, and represented by Attorneys Barry Wilford and Richard Ketcham, Petitioner filed a petition to vacate or set aside his sentence in the Franklin County Court of Common Pleas. (ECF No. 179, at PAGEID # 1400.) Subsequently, Petitioner sought to discharge his counsel and proceed *pro se*. On June 18, 1997, Petitioner filed an amended petition prepared on his behalf by Attorney Terry Sherman. (*Id*.) The amended petition set forth eight claims for relief, including a claim that trial counsel failed to present the jury with evidence concerning defendant's alleged mental impairment. (*Id*.) After the trial court denied postconviction relief, and represented by Attorney Keith Yeazel, Petitioner filed a timely notice of appeal. (*Id*.) Petitioner set forth three assignments of error, including an argument that the trial court denied Petitioner the right to proceed *pro se*. Implicit in that argument is the contention that Petitioner was competent to self represent.

In sum, the Court finds Petitioner's ineffective assistance of trial counsel claim for failing to challenge effectively Petitioner's competency to stand trial is a claim that could be raised on direct appeal and is therefore outside the reach of the *Martinez/Trevino* exception to procedural default. Even if this claim was more appropriately raised in postconviction, Petitioner had the assistance of three separate attorneys in connection with the preparation of his postconviction

8

petition. Although several claims for relief were asserted, postconviction counsel did not elect to raise a claim of ineffective assistance of trial counsel based on trial counsel's handling of the competency issues. This Court will not speculate as to why a claim was not raised, and will give postconviction counsel the benefit of the doubt that they narrowed the issues as a matter of strategy. Although Petitioner now points to evidence he developed in these habeas proceedings many years after he stood trial for Aggravated Murder, that evidence has little bearing on whether Petitioner was able to assist in his defense and understand the nature of the proceedings at the time of his trial. Accordingly, the Court cannot find the existence of cause based on the ineffective assistance of postconviction counsel, and the Court **DENIES** Petitioner's motion to reconsider as it relates to his Third Ground for Relief.

In his Eighth Ground for Relief, Petitioner argues his trial counsel were ineffective because they failed to investigate effectively and prepare expert psychological testimony during the mitigation phase of his trial. The gist of this claim is that counsel failed to locate and provide his expert, Dr. Leland, with all relevant records, psychological reports, and information concerning Petitioner's family history, and that counsel failed to ensure Dr. Leland understood the purpose of mitigation and conducted appropriate testing. (Am. Pet., ECF No. 120, at ¶52.) Had counsel investigated further, Petitioner argues, Dr. Leland would have provided testimony more favorable to the defense.

In the prior Opinion and Order, this Court determined Petitioner's Eighth Ground for Relief was properly before the Court, because Petitioner raised it on direct appeal to the Ohio Supreme Court, and the Ohio Supreme Court considered the merits of the claim. Specifically, Petitioner argued on direct appeal, as part of his thirty-third proposition of law, that his trial

9

counsel were ineffective during mitigation because they failed to conduct an extensive and thorough investigation into petitioner's background, including his family and medical history, and failed to adequately prepare mitigation witnesses.  With respect to Dr. Leland, Petitioner argued that counsel failed to provide him with all necessary information concerning Petitioner and his medical history, and failed to request the additional testing Dr. Leland felt was necessary.  The Ohio Supreme Court summarily rejected the merits of all of Petitioner's ineffective assistance of trial counsel claims raised on direct appeal, finding Petitioner "failed to meet his burden of establishing ineffective assistance under the standards set forth in *Strickland v. Washington*, (1984) 466 U.S. 668, 104 S.Ct. 2052."  *State v. Scudder*, 71 Ohio St.3d 263, 273-74 (1994).  As a general rule, a federal habeas court defers to a state court's summary merits disposition.  *Harrington v. Richter*, 562 U.S. 86, 100 (2011) ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

In his motion to reconsider cause, Petitioner agrees with this Court that to the extent he raised his claim on direct appeal, it was "preserved to that point."  (ECF No. 256, at PAGEID # 2657.)  Petitioner notes, however, that the issue was raised again in postconviction, wherein the state courts found the claim barred by *res judicata* due to postconviction counsel's failure to support the claim with sufficient evidence *dehors* the record.  According to Petitioner, even when a similar claim is raised on direct appeal, the claim may also be raised in postconviction if it is supported by evidence *dehors* the record.  Petitioner now argues that his postconviction counsel were ineffective by not discovering and presenting all of the additional information relating to Petitioner's competency that was ultimately presented to this Court during the federal habeas

hearing on Petitioner's competency to waive further review of his death sentence.

This Court finds Petitioner's argument unpersuasive for two reasons. First, if Petitioner's claims were properly raised on direct appeal, as the state courts held and which this Court accepted, then postconviction counsel's performance is irrelevant, and the *Martinez/Trevino* exception does not apply, because postconviction was not Petitioner's initial opportunity for review of the claim. If, on the other hand, the claims were properly raised only in postconviction, and postconviction counsel made a good-faith effort to present them, then the fact that postconviction counsel could have done more cannot, under *Hugueley*, constitute cause for the default of Petitioner's claims.

Here, the Court concluded that the Ohio Supreme Court rejected the merits of Petitioner's claim of ineffective assistance of trial counsel at mitigation on direct appeal. To be sure, the ineffective assistance of trial counsel at mitigation is frequently a claim best raised in postconviction, as it often requires some evidence from outside the trial record to establish the prejudice prong of *Strickland*. However, the state courts rejected Petitioner's attempt to renew the claim in postconviction, finding Petitioner's proffered evidence *dehors* the record insufficient to overcome the application of *res judicata*. This finding by the state courts does not equate to a finding that postconviction counsel performed ineffectively, or that postconviction counsel failed to make a good-faith effort to present Petitioner's Eighth Ground for Relief to the state courts during postconviction. Petitioner acknowledges that postconviction counsel raised the claim, which was supported by the Affidavit of Dr. Jolie S. Brams. The state appellate court determined the Brams Affidavit "present[ed] no evidence beyond the scope of the record that has not been, or that could not have been, addressed in defendant's direct appeals." *State v. Scudder*,

11

131 Ohio App.3d 470, 477, 722 N.E.2d 1054, 1059 (Ohio App. 10th Dist. 1998). The fact that postconviction counsel could have done more, as Petitioner asserts, does not mean what counsel did lacked good-faith effort. *Hugueley* cautions that the *Martinez* line of cases is concerned with the possibility that due to either the absence of counsel or the deficient performance of counsel, a petitioner's ineffective assistance claim would never be raised, not that a particular claim would be raised but be "underdeveloped." 964 F.3d at 499. Simply put, this Court sees no way around the conclusion that *Hugueley* precludes a finding of "cause" based on postconviction counsel's alleged failure to more fully develop the claim, when counsel supported the claim with some evidence, albeit evidence the state courts found insufficient to overcome the application of *res judicata*.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Recognize Cause, ECF No. 256.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 29, 2021**